UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GREGORY JOHN FISCHER,

               Plaintiff,

  -against-                   MEMORANDUM AND ORDER
                                   08-CV-4171(JS)(ARL)
SUFFOLK COUNTY BOARD OF ELECTIONS,
LESLEA A. SULLIVAN, Objector,

               Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:       Gregory John Fischer, Pro Se
                   P.O. Box 285
                   Calverton, NY 11933-0285

For Defendant:      Gail M. Lolis, Esq.
                   Suffolk County Dept. of Law
                   Veterans Highway
                   Hauppauge, NY 11788

For Objector
Leslea A. Sullivan: Steven G. Leventhal, Esq.
                   Leventhal and Sliney, LLP
                   15 Remsen Avenue
                   Roslyn, NY 11576

INTRODUCTION

Pending before the Court is an application for a preliminary injunction by pro se Plaintiff Gregory John Fischer. For the reasons stated below, the Court DENIES Plaintiff's application for a preliminary injunction because Plaintiff has not shown a likelihood of success on the merits of his underlying Complaint.

BACKGROUND

Plaintiff filed both his Complaint and an Order to Show Cause for a temporary restraining order and preliminary injunction

on October 14, 2008.

Plaintiff's very lengthy Complaint states that Plaintiff was a candidate for New York State Senate District 1 ("SD1") for the Eastern District of Long Island. Plaintiff sought to run as the Democratic candidate in the upcoming 2008 election against Republican incumbent Kenneth LaValle. Plaintiff alleges that there was no Democratic party endorsed SD1 candidate. At some point, the Democratic Executive Committee installed Lori Cassar, but Cassar later withdrew as a candidate.

In order to become a party candidate, Fischer needed to obtain one thousand signatures from residents within the SD1 district. Fischer obtained 1,475 signatures, and therefore became a Democratic party candidate. On July 14, 2008, Republican voter Leslea Sullivan ("Sullivan") objected to Fischer's candidacy. Sullivan alleged that 796 of the signatures were invalid.

On July 23, 2008, Sullivan filed an order to show cause to invalidate Fischer's signatures. On July 29, 2008, the Board of Elections ("BOE") determined that 620 of the signatures were invalid, leaving only 855 valid, which was 145 short of the required one thousand signatures.

On July 31, 2008, Plaintiff commenced a proceeding in the New York State Supreme Court, County of Suffolk, seeking to validate his petition. In response, Sullivan filed a motion to dismiss on the grounds that Plaintiff failed to set forth specifics

as to the alleged errors committed by the BOE in invalidating Plaintiff's petition.

On August 18, 2008, Supreme Court Justice Gary Weber dismissed the State Court proceeding on the ground that Fischer failed to specify how the BOE erred in invalidating Fischer's Petition. Additionally, Justice Weber sustained the determination of the BOE as to a majority of the invalidated signatures, but found that forty-two of the signatures should have been valid. The forty-two newly-validated signatures, when added to the 855 originally found valid by the BOE, left Plaintiff with 897 valid signatures. Justice Weber found that there were only 99 remaining signatures in dispute, and even if he were to validate all of the remaining signatures, Plaintiff would still be four short of the required one thousand signatures. Therefore, Justice Weber additionally affirmed the BOE's determination on the grounds that it would was mathematically impossible for Plaintiff to have one thousand valid signatures.

On October 16, 2008, the Appellate Court affirmed Justice Weber's decision. The Appellate Court held that the "Supreme Court properly determined that the appellant's petition to validate was insufficiently pleaded as a matter of law. A validating petition must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims were improperly invalidated . . . .

Here, since the appellant's validating petition was not sufficiently particularized to give the Supreme Court and the parties notice of the determinations of the [BOE] which were claimed to be erroneous or the signatures that the appellant claimed were improperly invalidated . . . , the petition to validate was properly denied by the Supreme Court." Plaintiff has not yet moved for a motion for reconsideration of the Appellate Court's Order.

Plaintiff now asks that this Court grant immediate injunctive relief to restore Fischer's name on the ballot for the upcoming election, and declare the petition valid. The Complaint further asks that if the Court does not grant Petitioner immediate injunctive relief, that the Court void the November 4, 2008 election for N.Y.S. Senate District 1.

## LEGAL STANDARD

Normally, relief in the form of a preliminary injunction may be granted if Plaintiff establishes that "(1) absent injunctive relief, he . . . will suffer irreparable injury and (2) either (a) a likelihood of success on the merits, or (b) that there are sufficiently serious questions going to the merits of the claims to make them a fair ground for litigation, and a balance of hardships tips decidedly in his . . . favor." Ulrich v. Mane, 383 F. Supp. 2d 405, 409 (E.D.N.Y. 2005). "However, when the moving party seeks to stay governmental action taken in the public interest pursuant

4

to a statutory or regulatory scheme, the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard." Beal v. Stern, 184 F.3d 117, 122 (2d Cir. N.Y. 1999) (internal quotations and citations omitted). Thus, Plaintiff must establish a likelihood of success on the merits in order to receive a preliminary injunction validating his petition and having his name placed on the ballot. See Ulrich, 383 F. Supp. at 410 (holding that plaintiffs seeking injunctive relief that would affect the City Board of Elections' regulation of a primary election must demonstrate a substantial likelihood of success on the merits).

## DISCUSSION

The parties do not argue the merits of whether Plaintiff can establish an irreparable injury, and it appears that Plaintiff can in fact establish such an injury. However, whether Plaintiff can establish a likelihood of success on the merits is in question.

Plaintiff has made clear that he is not arguing the constitutionality of the election laws, nor does he argue that he was denied an independent constitutional right. Rather, Plaintiff argues that the State courts applied the laws incorrectly, and erroneously affirmed the BOE's determination, and the state courts did not take into consideration Plaintiff's and citizen-voters' right to have another candidate on the ballot. This argument invites the Court to review the state court's decision, an action

which this Court lacks jurisdiction to do; Plaintiff's remedies lie in an appeal to the Court of Appeals or a reconsideration before the Appellate Court.

Plaintiff's Complaint and Plaintiff's arguments before the Court state that the BOE was overly strict in invalidating the signatures, and the trial court erred in its decision to affirm the invalidation. This action thus is essentially an appeal from an unfavorable decision in the Appellate Court - an action which is barred by the Rooker-Feldman doctrine and by issue preclusion.

I. The Rooker-Feldman Doctrine

Pursuant to what is commonly known as the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction over suits that are, in substance, appeals from state-court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-415, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The Rooker-Feldman doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). There are four requirements for the application of the Rooker-Feldman doctrine: (1) the federal-court Plaintiff must have lost in state

court; (2) the Plaintiff's injuries must be caused by the state court judgment; (3) the Plaintiff's claims must invite the district court to review and reject that state court judgment; and (4) the state-court judgment must have been rendered prior to the commencement of the district court proceedings. See Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

Here, Plaintiff was the state-court loser in the Suffolk County Supreme Court and again in the Appellate Court. He now argues that he is dissatisfied with the decision affirming the Board of Elections' decision to invalidate Plaintiff's signatures. The Supreme Court decision was rendered prior to this action, and the Appellate Court decision, while rendered after Plaintiff commenced this action, affirms the decision of the lower court.

Federal suits that raise some independent claim that was not the result of the state-court judgment "are outside Rooker-Feldman's compass even if they involve the identical subject matter and parties as previous state-court suits." Hoblock, 422 F.3d at 86. However, a Plaintiff cannot avoid the application of Rooker-Feldman simply by presenting in federal court a legal theory not raised in state court. See id. Rather, district courts lack subject matter jurisdiction of federal constitutional claims that are "inextricably intertwined" with a challenged state-court judgment, even if such claims were not raised in the state court. Id. (citing Feldman, 460 U.S. at 483-484 n. 16). In other words,

district courts lack jurisdiction "over challenges to state court decisions arising out of judicial proceedings, 'even if those challenges allege that the state court's action was unconstitutional.'" Walker v. Feller, No. CV-05-2689, 2005 WL 1971862, at * 4 (E.D.N.Y. Aug. 16, 2005) (quoting Feldman, 460 U.S. at 486).

Plaintiff's Complaint cites to a variety of state court cases wherein the state court validates signatures previously invalidated by a Board of Elections on the ground that the Board of Elections was overly-technical in its decision. Again, this does not invoke an independent federal law or constitutional violation that would justify this Court's review. Rather, it is an argument that can be made to a state court, and in fact, an argument that has already been made to the state courts. This Court lacks jurisdiction to review a state court's decision and to consider whether the state court was "overly- technical" in applying state election laws.

Here, Plaintiff's Complaint is essentially a challenge to a state court decision, and argues that the State Court's decision was unconstitutional. Plaintiff's Complaint does not argue that the election laws itself are unconstitutional - but rather that the Suffolk Supreme Court erroneously invalidated some of Plaintiff's signatures. The Appellate Court has already affirmed the Supreme Court's finding with respect to Plaintiff's petition, and in fact,

Plaintiff made the exact same arguments before the Appellate Court that he is now making before this Court. As such, Plaintiff's Complaint is barred by the Rooker-Feldman doctrine, and therefore Plaintiff cannot show a likelihood of success on the merits.

II. <u>Issue Preclusion</u>

Plaintiff is also unlikely to succeed on the underlying claims because of the doctrine of issue preclusion. This doctrine is properly invoked when a valid and final judgment has already determined a specific issue of law or fact. "Federal courts must give the same preclusive effect to a New York court's judgment that [state] courts would give it." <u>Wolff v. City of N.Y. Fin. Servs. Agency</u>, 939 F. Supp. 258, 264-65 (S.D.N.Y. 1996) (citing <u>Migra v. Warren City Sch. Dist</u>., 465 U.S. 75, 83, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)).

New York courts apply the doctrine when (1) an issue was "necessarily decided in the prior proceeding and is decisive in the present action, and (2) the party against whom the estoppel is raised had a full and fair opportunity to litigate the issue in the prior proceeding." <u>Wolff</u>, 939 F. Supp. at 264-65 (citing <u>Murphy v. Gallagher</u>, 761 F.2d 878, 881 (2d Cir. 1985) (citations omitted).

Here, Plaintiff already presented his arguments regarding the BOE's invalidation of certain signatures to both the state Supreme Court and the Appellate Court. The state Supreme Court upheld the BOE's invalidation on both substantive and procedural

9

grounds, and the Appellate Court affirmed the lower court's decision with respect to its procedural basis for upholding the BOE's decision. Furthermore, Plaintiff had a full and fair opportunity to litigate these issues in the state court proceedings. Accordingly, collateral estoppel bars Plaintiff from bringing this action in federal court.

The Court notes that Plaintiff argued in open Court that he believed that the state courts delayed in adjudicating Plaintiff's claims. However, the Court did not find this argument in Plaintiff's Complaint, and thus cannot consider this newly-raised claim. In any event, such an argument would not place Plaintiff's name on the ballot, which is the relief Plaintiff seeks. If Plaintiff wishes to bring an independent claim asserting that Plaintiff's constitutional rights were violated because of the state courts' alleged delay in hearing Plaintiff's claims, Plaintiff may certainly do so, as such a claim would not be barred by the Rooker-Feldman doctrine.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's request for a preliminary injunction.[1]

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  Central Islip, New York
        October 27, 2008

---

[1] The Court erroneously indicated on the docket sheet that this case has been dismissed. Although the preliminary injunction has been denied, the Court has not dismissed the case. The Clerk of the Court is directed to update the docket accordingly.