```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GREGORY JOHN FISCHER,

                Plaintiff,

        -against-                    MEMORANDUM AND ORDER
                                     08-CV-4171(JS)(ARL)
SUFFOLK COUNTY BOARD OF ELECTIONS,
LESLEA A. SULLIVAN, Objector,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Gregory John Fischer, Pro Se
                    P.O. Box 285
                    Calverton, NY 11933-0285

For Defendant:      Gail M. Lolis, Esq.
                    Suffolk County Dept. of Law
                    Veterans Mem. Highway
                    PO Box 6100
                    Hauppauge, NY 11788

For Objector
Leslea A. Sullivan: Steven G. Leventhal, Esq.
                    Leventhal and Sliney, LLP
                    15 Remsen Avenue
                    Roslyn, NY 11576
```

<u>INTRODUCTION</u>

Pending before the Court is Suffolk County Board of Elections ("BOE") and Leslea A. Sullivan's ("Sullivan") (referred collectively as "Defendants") motion to dismiss Gregory John Fischer's ("Plaintiff" or "Fischer") Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court GRANTS Defendants' motion to dismiss.

<u>BACKGROUND</u>

The facts of this case are thoroughly set forth in the

transcript of the proceedings held before this Court on October 23, 2008, and in this Court's written Orders issued on October 27, 2008 and October 31, 2008. In brief, Plaintiff was a Democratic party candidate for New York State Senate District 1 ("SD1") for the Eastern District of Long Island. Plaintiff was not endorsed by the Democratic party, and instead sought to run by obtaining the requisite one thousand signatures from residents within the SD1 District. Plaintiff successfully obtained 1,475 signatures. However, on July 14, 2008, Republican voter Sullivan objected to Fischer's candidacy and alleged that 796 of the signatures were invalid. On July 29, 2008, the BOE determined that 620 of the signatures were invalid, leaving only 855 valid, which was 145 short of the required one thousand signatures.

Thereafter, Plaintiff initiated a proceeding in the New York State Supreme Court, County of Suffolk, to validate his signatures. On August 18, 2008, New York State Supreme Court Justice Gary Weber dismissed the State Court proceeding on procedural grounds because Fischer failed to specify how the BOE erred in invalidating Fischer's petition. Additionally, Justice Weber sustained the determination of the BOE on substantive grounds, and found that the BOE properly invalidated a portion of the signatures. However, Justice Weber found that forty-two of the signatures should have been valid. The forty-two newly-validated signatures, when added to the 855 originally found valid by the

BOE, left Plaintiff with a total of 897 valid signatures. Justice Weber found that there were only ninety-nine remaining signatures in dispute, and even if he were to validate all of the remaining signatures, Plaintiff would still be four short of the required one thousand signatures. Therefore, Justice Weber affirmed the BOE's determination on the grounds that it would was mathematically impossible for Plaintiff to have one thousand valid signatures.

On October 16, 2008, the Appellate Court affirmed Justice Weber's decision on the ground that Plaintiff's petition to validate was insufficiently pleaded as a matter of law. Plaintiff did not move for a reconsideration of that Order, and instead brought an action in this Court seeking immediate injunctive relief to restore his name on the ballot for the upcoming election.

On October 23, 2008, this Court held a hearing on Plaintiff's application to restore his name on the ballot. At the hearing, Plaintiff clarified that he did not seek to invalidate an election law or procedure, did not question the one thousand signatures requirement, and was not arguing that a law or a party's actions were unconstitutional or otherwise violated a federal law. Rather, Plaintiff argued that the Court should overturn the state court's finding with respect to Plaintiff's signatures because the BOE was "overly technical" in its decision, and the state courts were incorrect in affirming the BOE's determination. At the hearing, Plaintiff stated that there was "gross error by the trial

3

court" and that the alleged error "was repeated in the Appellate Division." Plaintiff additionally stated that Justice Weber "made several decisions in direct contradiction to precedent" and that those "issues were never heard by the Appellate Division." Finally, Plaintiff argued that the Appellate Court erred by failing to note that the "specifics were in fact" included in Plaintiff's petition. It became abundantly clear to the Court that Plaintiff sought a review of the decision of the state courts and did not have any independent federal basis for bringing his claim to this Court. Rather, Plaintiff stated on numerous instances that he believed the state courts erred by upholding the BOE's decision to invalidate Plaintiff's petition and by finding that the signatures did not comply with the election rules.

After holding a hearing on this issue, this Court denied Plaintiff's application for a preliminary injunction because Plaintiff failed to show a likelihood of success on the merits. The Court found that Plaintiff already had a full and fair opportunity to present his arguments before the state courts, and, in fact, the state courts rendered a decision on the very same issue Plaintiff presents to this Court. Therefore, the Court found that Plaintiff's claims regarding the merits of his petition were barred by both the Rooker-Feldman doctrine and by issue preclusion.

Plaintiff subsequently filed a notice of appeal on October 20, 2008, and moved for reconsideration of this Court's

Order on October 24, 2008. On November 3, 2008, the United States Court of Appeals for the Second Circuit affirmed this Court's Order, and on October 31, 2008, this Court denied Plaintiff's motion for reconsideration. The Court clarified that to the extent Plaintiff wished to bring an action based on unconstitutional delay or the constitutionality of a law or procedure, such action would be heard by the Court. However, to the extent that Plaintiff asked this Court to review a state court decision affirming the BOE's determination that Plaintiff did not have the required one thousand signatures for the 2008 election, the Court could not do so.

Sullivan and the BOE move separately to dismiss Plaintiff's Complaint in its entirety because Plaintiff has failed to set forth any grounds that would serve as a basis for subject matter jurisdiction. In addition to the absence of subject matter jurisdiction, Defendants argues that the Complaint fails to state a claim on which relief can be granted.

## DISCUSSION

I. Standards of Review

   A. Rule 12(b)(1)

In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 n.6 (2d Cir. 2001). Under Rule

12(b)(1), the Court will deem true the factual allegations contained in the complaint. See Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). When there is a question involving federal jurisdiction, such jurisdiction must be shown affirmatively. See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515, 45 S. Ct. 145, 69 L. Ed. 413 (1925)). Accordingly, the Court will not draw references favorable to the party asserting jurisdiction. See id.

B. Rule 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must put forth enough factual allegations to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544,555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, __ L. Ed. 2d. __ (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

(internal citations and quotations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint fails to state a claim. Id. The plaintiff's factual allegations, in short, must show that the plaintiff's claim is "plausible," not merely "conceivable." Id. at 1951.

When considering a motion to dismiss, a court can first identify pleadings that are not entitled to the assumption of truth because they are mere conclusions unsupported by factual allegations. See Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868(2009). After locating the well-pleaded factual allegations, the court should assume their truthfulness and "then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

The Court recognizes that pro se plaintiffs are entitled to a more liberal pleading standard. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197; 167 L. Ed. 2d 1081 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)) (internal quotation marks omitted); Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008). Nonetheless, pro se plaintiffs must still comport with the procedural and substantive rules of law. See Javino v. Town of Brookhaven, No. 06-CV-1245,

2008 WL 656672, at *3 (E.D.N.Y. Mar. 4, 2008).

II. Plaintiff's Complaint must be Dismised

    A.    The Booker-Feldman Doctrine

Pursuant to what is commonly known as the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction over suits that are, in substance, appeals from state-court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-415, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The Rooker-Feldman doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

There are four requirements for the application of the Rooker-Feldman doctrine: (1) the federal-court Plaintiff must have lost in state court; (2) the Plaintiff's injuries must be caused by the state court judgment; (3) the Plaintiff's claims must invite the district court to review and reject that state court judgment; and (4) the state-court judgment must have been rendered prior to the commencement of the district court proceedings. See Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

Here, Plaintiff was the state-court loser in the Suffolk

County Supreme Court and again in the Appellate Court. He argues in this Court that he is dissatisfied with the decision affirming the Board of Elections' decision to invalidate Plaintiff's signatures. The Supreme Court decision was rendered prior to this action, and the Appellate Court decision, while rendered after Plaintiff commenced this action, affirms the decision of the lower court.

Federal suits that raise some independent claim that was not the result of the state-court judgment "are outside Rooker-Feldman's compass even if they involve the identical subject matter and parties as previous state-court suits." Hoblock, 422 F.3d at 86. However, a Plaintiff cannot avoid the application of Rooker-Feldman simply by presenting in federal court a legal theory not raised in state court. See id. Rather, district courts lack subject matter jurisdiction of federal constitutional claims that are "inextricably intertwined" with a challenged state-court judgment, even if such claims were not raised in the state court. Id. (citing Feldman, 460 U.S. at 483-484 n. 16). In other words, district courts lack jurisdiction "over challenges to state court decisions arising out of judicial proceedings, 'even if those challenges allege that the state court's action was unconstitutional.'" Walker v. Feller, No. CV-05-2689, 2005 WL 1971862, at * 4 (E.D.N.Y. Aug. 16, 2005) (quoting Feldman, 460 U.S. at 486).

9

Plaintiff's Complaint cites to a variety of state court cases wherein the state court validates signatures previously invalidated by a Board of Elections on the ground that the Board of Elections was overly-technical in its decision. Again, this does not invoke an independent federal law or constitutional violation that would justify this Court's review. Rather, it is an argument that can be made to a state court, and in fact, an argument that has already been made to the state courts. This Court lacks jurisdiction to review a state court's decision and to consider whether the state court was "overly-technical" in applying state election laws.

Here, Plaintiff's Complaint is essentially a challenge to a state court decision, and argues that the State Court's decision was unconstitutional. Plaintiff's Complaint does not argue that any New York election law <u>itself</u> is unconstitutional - but rather that the Suffolk Supreme Court erroneously invalidated some of Plaintiff's signatures. The Appellate Court has already affirmed the Supreme Court's finding with respect to Plaintiff's petition, and in fact, Plaintiff made the exact same arguments before the Appellate Court that he is now making before this Court. As such, Plaintiff's Complaint is barred by the <u>Rooker-Feldman</u> doctrine.

B.  <u>The Issue Preclusion Doctrine</u>

Even if the <u>Rooker-Feldman</u> doctrine did not apply, the instant action would still be precluded by issue preclusion. The

10

issue preclusion doctrine is properly invoked when a valid and final judgment has already determined a specific issue of law or fact. "Federal courts must give the same preclusive effect to a New York court's judgment that [state] courts would give it." Wolff v. City of N.Y. Fin. Servs. Agency, 939 F. Supp. 258, 264-65 (S.D.N.Y. 1996) (citing Migra v. Warren City Sch. Dist., 465 U.S. 75, 83, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)).

New York courts apply the doctrine when (1) an issue was "necessarily decided in the prior proceeding and is decisive in the present action, and (2) the party against whom the estoppel is raised had a full and fair opportunity to litigate the issue in the prior proceeding." Wolff, 939 F. Supp. at 264-65 (citing Murphy v. Gallagher, 761 F.2d 878, 881 (2d Cir. 1985) (citations omitted)).

Here, Plaintiff already presented his arguments regarding the BOE's invalidation of certain signatures to both the state Supreme Court and the Appellate Court. The state Supreme Court upheld the BOE's invalidation on both substantive and procedural grounds, and the Appellate Court affirmed the lower court's decision with respect to its procedural basis for upholding the BOE's decision. Furthermore, Plaintiff was afforded a full and fair opportunity to litigate these issues in the state court proceedings. Accordingly, issue preclusion bars Plaintiff from bringing this action in federal court.

III. <u>Alleged Constitutional Violations</u>

Although the Court denied Plaintiff's request for a TRO and preliminary injunction, the Court did not dismiss Plaintiff's Complaint in its entirety in an effort to afford the <u>pro se</u> Plaintiff with an opportunity to present any constitutional violations. The Court clarified in its previous Order that it would not be barred by the <u>Booker-Feldman</u> doctrine to hear this case if Plaintiff's Complaint alleged that some federal law or procedure was unconstitutional or that the Plaintiff's rights were violated because of the state court's delay.

Plaintiff now maintains that this case should not be dismissed because Defendants violated his First Amendment right to free speech and Fourteenth Amendment Right to equal protection and due process. The Court rejects Plaintiff's arguments. In support of these claims, Plaintiff maintains that a "full and fair review of the merits was not done." However, this argument is without merit. Plaintiff received process and had an opportunity to be heard numerous times in the state courts, this Court, and the Second Circuit Court of Appeals.

Plaintiff next claims that the state court's "hyper-technicality" was unconstitutional. The Court has already addressed this argument above, and reiterates that this claim does not provide a basis for this Court to review the state court's decision.

Finally, the Court rejects Plaintiff's claim that Defendants abridged the constitutional rights of democratic party voters by failing to place a democratic party candidate on the ballot. "[P]olitical parties have no constitutional right to appear on a ballot." Person v. N.Y. State Bd. of Elections, 467 F.3d 141, 144 (2d Cir. 2006) (citing Prestia v. O'Connor, 178 F.3d 86, 88-89 (2d Cir. 1999). Additionally, "the Supreme Court has held that states may limit ballot access in order to prevent 'the clogging of its election machinery, avoid voter confusion, and assure that the winner is the choice of a majority, or at least a strong plurality, of those voting, without the expense and burden of runoff elections. . . . Moreover, a State has an interest, if not a duty, to protect the integrity of its political processes from frivolous or fraudulent candidacies.'" (Id.) (quoting Bullock v. Carter, 405 U.S. 134, 145, 92 S. Ct. 849, 31 L. Ed. 2d 92 (1972). Here, Defendants had a legal right to impose a signature restriction on candidates, Defendant Sullivan had a right to challenge Plaintiff's signatures, and Defendants provided Plaintiff with a full opportunity to be heard. Plaintiff has not shown that Defendants violated any constitutional rights.

Since Plaintiff's Complaint does not allege any valid constitutional violations and states no claim upon which federal relief may be granted, it must be dismissed.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 14, 2009
Central Islip, New York